```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 17-10010-CIV-SEITZ
                                      (15-10010-CR-MARTINEZ)
                              MAGISTRATE JUDGE P.A. WHITE

SANTOS ROSA HERRERA-CRUZ,   :

        Movant,             :

v.                          :         REPORT OF
                                   MAGISTRATE JUDGE
UNITED STATES OF AMERICA,   :

        Respondent.         :
_____
```

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence entered after he pled guilty to the charge of conspiracy to possess with intent to distribute 100 or more kilograms of marijuana on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70506(b) in case number 15-10010-CR-MARTINEZ.

The Court has reviewed the movant's motion (Cv-DE# 1) and all pertinent portions of the underlying criminal file. No order to show cause has been issued because, on the face of the motion, it is evident the movant is not entitled to relief. See 28 U.S.C. § 2255(b). ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

Construing the movant's claims liberally as afforded *pro se* litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant argues that the court lacked jurisdiction to impose sentence because Congress exceeded its authority to extend jurisdiction over drug smuggling committed on the high seas in international waters under the Maritime Drug Law Enforcement Act, 26 U.S.C. § 70503 and 70506, as applied.

## Procedural History

The procedural history of the underlying criminal case reveals that the movant was charged under the Maritime Drug Law Enforcement Act (MDLEA) with conspiracy to possess with intent to distribute a controlled substance (1000 kilograms or more of marijuana) in violation of 46 U.S.C. § 70506(b) (Count 1) and possession with intent to distribute a controlled substance (1000 kilograms or more of marijuana) in violation of 46 U.S.C. 70503(a). (CR-DE# 11).

On November 2, 1015, the movant entered into a negotiated written plea agreement with the government, agreeing to plead guilty to Count 1, namely conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§70503(a) and 70506(b). (Cr-DE# 41). That same day the movant signed a factual proffer. (Cr-DE# 40). The factual proffer notes that on July 23, 2015 the movant's vessel was interdicted by the United States Coast Guard on the high seas in international waters. The vessel bore no markings indicating its nationality. A search of the vessel revealed sixty-two bales of suspected marijuana weighing an estimated 1350 kilograms.

After a plea colloquy the movant was adjudicated guilty pursuant to the plea agreement and factual proffer. (Cr-DE# 36). On

January 26, 2016 judgment was entered and the movant was sentenced to 60 months imprisonment. (Cr-DE# 53). No appeal was taken. The judgment of conviction was entered on the docket by the Clerk on January 27, 2016. (Cr-DE# 53). No direct appeal was filed. The judgment of conviction in the underlying criminal case became final at the latest on February 10, 2016, when time expired for filing a notice of appeal.[1] Thus, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than February 10, 2017. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was timely filed on December 29, 2016.[2] (Cv-DE#1).

## Discussion

The movant is not entitled to relief on the merits. The Eleventh Circuit has previously upheld the interdiction and seizures of vessels in international waters under the MDLEA over objections that the interdiction was outside the power of Congress to regulate drug trafficking. See United States v. Estipinan, 453 F.3d 1336, 1338 (11th Cir. 2006); see also United States v. Marino–Garcia, 679 F.2d 1373, 1383 (11th Cir. 1982) ("Having determined that international law in no way restricts the right of the United States to assert jurisdiction over stateless vessels on the high seas, we hold that Section 955a [the predecessor to the MDLEA] properly extends the criminal jurisdiction of this country to any stateless vessel in international waters engaged in the distribution of controlled substances"). Thus, since the movant was

---

[1] Where, as here, a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires fourteen days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6).

[2] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

interdicted and seized in international waters operating a stateless vessel, jurisdiction was proper and his claim fails on the merits.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, it is recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### Conclusion

It is therefore recommended that the motion to vacate be denied and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 19th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Santos Rosa Herrera-Cruz
  08314-104
  D. Ray James
  Correctional Institution
  Inmate Mail/Parcels
  Post Office Box 2000
  Folkston, GA 31537
  PRO SE

  Noticing 2255 US Attorney
  Email: usafls-2255@usdoj.gov